NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IRONE WATFORD, | : | **Hon. Susan D. Wigenton** |
| Petitioner, | : | Civil Action No. 11-0319 (SDW) |
| v. | : | |
| GREG BARTKOWSKI, et al., | : | **O P I N I O N** |
| Respondents. | : | |

**APPEARANCES:**

    IRONE WATFORD, 405795B
    New Jersey State Prison
    P.O. Box 681
    Trenton, New Jersey  08625
    Petitioner Pro Se

**WIGENTON, District Judge**

    Irone Watford filed a "MOTION UNDER 28 U.S.C. 2241 TO CONSIDER SECOND OR SUCCESSIVE APPLICATION TO VACATE/CORRECT SENTENCE UNDER 28 U.S.C. 2254 OR 2255," together with a brief and appendix.  Petitioner, who is incarcerated at New Jersey State Prison, challenges a judgment of conviction in the Superior Court of New Jersey, Hudson County, on September 22, 1997.  Having thoroughly reviewed Petitioner's submissions and this Court's docket, see Watford v. Hendricks, Civil Action No. 04-1388 (SDW) slip op. (D.N.J. April 27, 2007), certificate of appealability denied, C.A. No. 07-3203 (3d Cir.  Mar. 10, 2008), and, for the following reasons, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, and deny a certificate of appealability.

## I.  BACKGROUND

Petitioner challenges a judgment of conviction filed on September 22, 1997, in the Superior Court of New Jersey, Law Division, Hudson County, after a jury convicted him of armed robbery, second-degree robbery, first-degree carjacking, first-degree kidnapping, first-degree aggravated sexual assault during a robber and/or a kidnapping, first-degree aggravated sexual assault while armed, second-degree sexual assault, fourth-degree criminal sexual contact, possession of a knife for an unlawful purpose, and unlawful possession of a knife.  The Law Division imposed an aggregate sentence of life imprisonment plus 80 years, with 60 years of parole ineligibility.  On March 31, 2000, the Appellate Division of the Superior Court of New Jersey affirmed the conviction and sentence, and on July 7, 2000, the New Jersey Supreme Court denied Petitioner's petition for certification.  See State v. Watford, 165 N.J. 487 (2000) (table).  On October 19, 2000, Petitioner filed his first state petition for post-conviction relief, which the Law Division denied on January 17, 2002.  On June 16, 2003, the Appellate Division affirmed, and on October 29, 2003, the New Jersey Supreme Court again denied certification.  See State v. Watford, 178 N.J. 34 (2003) (table.)

On about March 24, 2004, Petitioner filed his first § 2254 petition challenging the 1997 conviction in this Court.  See Watford v. Hendricks, Civil Action No. 04-1388 (SDW) (D.N.J. docketed Mar. 24, 2004, 2004).  The Petition raised five claims,[1] and Petitioner raised three

---

[1] The Petition raised the following claims:  (a) Sixth Amendment Speedy Trial; (b) Prosecutorial Misconduct in violation of Due Process; (c) Jury Instructions in violation of Due Process; (d) Sixth Amendment Ineffective Assistance of Counsel; and (e) Cumulative Errors.

2

additional claims in his supplemental memorandum of law.[2]  After ordering an answer and reply, on April 27, 2007, this Court dismissed the petition (and the three additional claims) on the merits and denied a certificate of appealability.  On March 10, 2008, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction and denied a certificate of appealability as moot.

Petitioner executed the papers presently before this Court on January 7, 2011.  The Petition raises three grounds for relief from the judgment of conviction:

> Ground One:  PETITIONER'S FOURTEENTH AND SIXTH AMENDMENT RIGHTS AS GUARANTEED BY THE UNITED STATES CONSTITUTION WAS VIOLATED BY THE TRIAL COURT'S IMPERMISSIBLE FINDING OF A "NEED TO PROTECT THE PUBLIC" WHICH IS A FACT OTHER THAN A PRIOR CONVICTION, AND SHOULD HAVE BEEN DETERMINED BY A JURY.
>
> Ground Two:  PETITIONER'S CONSTITUTIONAL RIGHTS TO A FAIR TRIAL WAS VIOLATED BY THE TRIAL COURT'S RELIANCE OF TWO OF THE THREE AGGRAVATING FACTORS IT FOUND APPLICABLE DURING SENTENCING SINCE THOSE SAME AGGRAVATING FACTORS ALSO FORMED THE BASIS UPON WHICH THE JUDGE DECIDED TO IMPOSE AN EXTENDED TERM SENTENCE.
>
> Ground Three:  THE SENTENCE IMPOSED CONSTITUTE[S] CRUEL AND UNUSUAL PUNISHMENT AND VIOLATES PETITIONER'S EIGHTH AMENDMENT RIGHTS.

(Docket Entry #1, pp. 6, 7, 9.)

---

[2] The three claims were:  (a) failure to arraign within 72 hours in violation of Due Process; (b) admission of out-of-court identification violated Due Process; and (c) Eighth Amendment.

## II.  DISCUSSION

A.  Jurisdiction

On April 24, 1996, Congress enacted the AEDPA, which governs a district court's adjudication of a second or successive § 2254 petition.[3]  Specifically, § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).[4]  Rule 9 of the Rules Governing Section 2254 Proceedings, entitled "Second or Successive Petitions," similarly provides: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."  28 U.S.C. § 2254 Rule 9.

Thus, § 2244(b)(3)(A) establishes that a District Court lacks jurisdiction over an second or successive § 2254 petition, absent authorization from the Court of Appeals.  See Burton v. Stewart, 549 U.S. 147, 152 (2007) ("[B]ecause the 2002 petition is a 'second or successive'

---

[3] Section 2254 of Title 28 of the United States Code confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Although sections 2254 and 2244(b) "refer[] to a habeas 'application,' we use the word 'petition' interchangeably with the word 'application.'"  Magwood v. Patterson, 130 S. Ct. 2788, 2791 n.1 (2010).

[4] Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the Court of Appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D).  See Magwood v. Patterson, 130 S. Ct. 2788, 2796 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court").

petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place").

The Petition presently before this Court is a "second or successive" habeas application for which Petitioner has not sought or obtained authorization from the Court of Appeals to file in this Court.[5] Petitioner's first § 2254 petition was denied on the merits.[6] Petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his second challenge.  Because he did not do so, [this] Court [is] without jurisdiction to entertain it." Burton, 549 U.S. at 153.[7]

B.  Dismissal or Transfer

"When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002).  The Petition here does not make a prima facie

---

[5] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b).  This Court has been unable to locate any indication in Westlaw or PACER that a request for authorization was sought or granted.

[6] A habeas petition is adjudicated on the merits when "a determination [was made] that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)." Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005).

[7] Petitioner cannot avoid the AEDPA's procedural and substantive limitations on successive petitions by labeling his pleading as a petition under 28 U.S.C. § 2241 or § 2255.  See Frankenberry v. Court of Common Pleas of Fayette County, Pa., 365 Fed. App'x 334 (3d Cir. 2010) ("To the extent Frankenberry continues to attempt to proceed under § 2241, we agree with the District Court's conclusion that he is not entitled to do so.  A state prisoner who, like Frankenberry, is challenging the validity or execution of his state court sentence must proceed under 28 U.S.C. § 2254") (citing Coady v. Vaughn, 251 F. 3d 480, 484-85 (3d Cir. 2001).

showing under 28 U.S.C. § 2244(b)(2).[8]  See 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies [§ 2244(b)(2)]"). Petitioner in essence raises two claims, i.e., trial judge violated the Sixth and Fourteenth Amendments by increasing his sentence on the basis of facts not found beyond a reasonable doubt by the jury, and the sentence violates the Eighth Amendment.  This Court notes that (1) neither of these claims "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,"[9]  28 U.S.C. §

---

[8] Section 2244(b)(2) provides:

A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

[9] The Supreme Court's 2004 decision in Blakely v. Washington, 542 U.S. 296 (2004) evolved from Apprendi v. New Jersey, 530 U.S. 466 (2000).  In Apprendi, the Supreme Court determined that Apprendi had a constitutional right to have a jury, rather than a judge, find bias because the finding was necessary to support an enhanced sentence under the New Jersey hate crimes law.  The Supreme Court reversed Apprendi's sentence pursuant to the principle that,
(continued...)

2244(b)(2)(A), and (2) Petitioner does not show that the factual predicate for either claim could not have been discovered previously through the exercise of due diligence. See 28 U.S.C. § 2244(b)(2)(B)(i). Accordingly, the Petition before this Court does not make a prima facie showing that it satisfies the gatekeeping requirements of 28 U.S.C. § 2244(b)(2). See 28 U.S.C. § 2244(b)(2)(B)(i). This Court accordingly declines to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction. See Hatches v. Schultz, 381 Fed. App'x 134, 137 (3d Cir. 2010 ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth

---

⁹(...continued)
"under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." Apprendi, 530 U.S. at 476 (citation and internal quotation marks omitted). In 2002, the Supreme Court held in Ring v. Arizona, 536 U.S. 584 (2002), that imposition of the death penalty under Arizona law violated Apprendi because the trial judge determined the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty. Ring, 536 U.S. at 602. In 2004, the Blakely Court determined that application of Washington's sentencing guidelines violated the defendant's rights under Apprendi because "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." Blakely, 542 U.S. at 303 (emphasis in original) (citations omitted). Petitioner's conviction became final on direct appeal on July 7, 2000. However, Blakely does not apply retroactively to convictions that became final prior to the 2004 ruling in that case. See Schriro v. Summerlin, 542 U.S. 348, 353 (2004) (because Ring v. Arizona "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment," it was a "prototypical procedural rule" that did not apply retroactively to cases already final on direct review); Warren v. Kyler, 422 F.3d 132 (3d Cir. 2005) (Booker line of cases is not applicable retroactively to cases on collateral review under § 2254); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker, which applied the Blakely rule to the federal sentencing guidelines, is not retroactively applicable to cases on collateral review); United States v. Jenkins, 333 F.3d 151, 154 (3d Cir. 2003) (Apprendi does not apply retroactively to first § 2255 motions because "[i]ts application affects only the enhancement of a defendant's sentence after he or she has already been convicted by proof beyond a reasonable doubt").

Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law").

C.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.


                                s/Susan D. Wigenton
                                **SUSAN D. WIGENTON**
                                United States District Judge

DATED: July 14, 2011